A judgment in a criminal case cannot be arrested for a variance between the indictment and the proof.

THE PEOPLE, on the relation of V. BIRDSEYE, *district attorney,* vs. ONONDAGA GENERAL SESSIONS.

MOTION for mandamus. William Huntley was indicted for perjury, tried and convicted. In the indictment it was charged that he was sworn and took his corporal oath in due form of law, before D. T. one of the justices of the peace of Onondaga, and "then and there, upon his oath aforesaid, upon a certain *information in writing,* falsely, maliciously, wilfully and corruptly did say, depose, swear and give information in writing, to the tenor and effect following, that is to say :" [setting out a complaint or information of an assault committed on him by one J. M., subscribed by the defendant.] After conviction, the judgment was arrested for a mis-description, in the indictment, of the oath taken by the defendant ; it appearing, as stated in the order of the court arresting the judgment, that after the information was drawn up and subscribed by the defendant, the justice administered an oath to him, *that the contents of the affidavit were true.* A motion was now made by the district attorney of the county for a mandamus, directing the sessions to proceed to give judgment.

*V. Birdseye,* in *pro. per.*

*By the Court,* SAVAGE, Ch. J. A judgment cannot be arrested for a variance between the facts charged in an indictment and the proof appearing on the trial. If such variance exists, it must be taken advantage of on the trial. A judgment can be arrested only for defects apparent upon the face of the record. (1 *Chitty's Crim. Law,* 539.) Besides, there was no variance, the defendant having subscribed a written complaint or information, and then swearing that the contents of the affidavit were true, did depose, swear and give information in writing, as charged in the indictment ; but whether so or not, the judgment could not for this cause be arrested. An alternative mandamus is accordingly directed.